**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, Esq. (SBN. 277669)
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

James P. Segall-Gutierrez, Esq. (SBN 240439)
**LAW OFFICES OF JAMES P. SEGALL-GUTIERREZ**
301 W. Mission Blvd., Suite 8
Pomona, California 91766
(562) 321-5950
jpsglaw@gmail.com

Attorneys for Plaintiffs Courtney Costello and Torey Costello

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY COSTELL and TOREY COSTELLO,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CITY OF LOS ANGELES; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.:<br><br>COMPLAINT FOR DAMAGES FOR:<br><br>1. Excessive / Unreasonable Force (U.S. Const. Amend. 4);<br>2. Unlawful Arrest (U.S. Const. Amend. 4);<br>3. Freedom of Speech / Assembly (U.S. Const. Amend. 1);<br>4. Municipal Liability (*Monell* Liability) For Failure To Train And/Or Discipline Deputies And Officers (U.S. Const. Amends. 1, 4 & 14);<br>5. Municipal Liability (*Monell* Liability) For Custom / Practice / Policy (U.S. Const. Amends. 1, 4 & 14)<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

1

**COMES NOW** Plaintiffs Courtney Costello and Torey Costello and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred in the County of Los Angeles, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

3.      Plaintiff Courtney Costello, is a natural person, who, at all times complained of in this action, resided in the County of Los Angeles, State of California.

4.      Plaintiff Torey Costello, is a natural person, who, at all times complained of in this action, resided in the County of Los Angeles, State of California.

5.      Defendant City of Los Angeles, hereinafter also referred to as "CITY", is a municipal entity located in the State of California; within the territorial jurisdiction of this court.

6.      Defendants DOES 1 through 6, inclusive, are sworn peace officers and / or deputy sheriffs and/or police officers and/or investigators and/or Special

COMPLAINT FOR DAMAGES

2

Officers and/or a dispatchers and/or some other public officer, public official or employee of defendant CITY and/or otherwise employed by the Los Angeles Police Department, who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiff for the acts complained of in this action, whose identities are, and remain unknown to plaintiff, who will amend her complaint to add and to show the actual names of said DOE defendants when ascertained by plaintiff.

7.    At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and/or police officers and/or deputy sheriffs and/or Special Officers and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or dispatchers, employed by the Los Angeles Police Department, and were acting in the course of and within the scope of their employment with defendant CITY.

8.    Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials, employed by Los Angeles Police Department and/or defendant City of Los Angeles, who are in some substantial way liable and responsible for, or otherwise proximately caused and/or

COMPLAINT FOR DAMAGES

3

contributed to the occurrences complained of by plaintiff in this action, such as via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers), via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Los Angeles Police Department for, *inter alia*,: 1) using excessive force upon persons; 2) for retaliating against persons for exercising freedom of speech and assembly; 3) for unlawfully arresting persons; and 4) covering up tortious conduct by Los Angeles Police Department peace officers.

9. At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Chief and/or the Assistant Chief and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Los Angeles Police Department, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY.

10. At all times complained of herein, defendants DOES 7 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace

COMPLAINT FOR DAMAGES

4

officers (as described herein, above and below), and/or policy making peace officers, with the Los Angeles Police Department and/or otherwise with defendant CITY[1].

11.     Plaintiffs are presently unaware of the identities of DOES 1 through 10, inclusive, and will amend their complaint to add and to show the actual names of said DOE defendants, when made known to plaintiffs.

12.     In addition to the above and foregoing, Defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of her federal Constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of in this action.

13.     Defendants DOES 1 through 6, inclusive, acted in joint and concerted action to so deprive the plaintiff of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

14.     Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a proximate cause of the violation

---

[1] Such as a CITY executive officer.

COMPLAINT FOR DAMAGES

5

of the plaintiffs' federal and state constitutional and statutory rights, as complained of herein.

### FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth Amendment Rights -
### Excessive/Unreasonable Use of Force on Person
### (By Courtney Costello and Torey Costello, Against DOES 1 through 6, inclusive)

15.     Plaintiffs hereby reallege and re-incorporate by reference the allegations set forth in paragraphs 1 through 14 inclusive, above, as if set forth in full herein.

16.     During the early morning hours of October 15, 2020, Plaintiffs Courtney Costello and Torey Costello were in the area of 111th Street and Figueroa to protest and document a fatal officer involved shooting involving the Los Angeles Police Department.

17.     The Los Angeles Police Department personnel who were present set up a perimeter with police tape. Plaintiffs and the other protestors were ordered to stay on the outside of the tape.

18.     Plaintiffs complied and remained on the outside of the perimeter.

19.     At some point, two individuals crossed the perimeter line to insist on an officer's name and badge number who had acted inappropriately towards a female protestor.

20.     Various Los Angeles Police Department officers, including DOES 1

through 6, inclusive, began advancing towards the two individuals and ordered the individuals to get back to the other side of the perimeter.

21. The two individuals complied, although slowly.

22. Some of the other persons on the outside of the perimeter lifted up the tape so that the two individuals could get back to the outside of the perimeter.

23. As the two individuals were crossing back to the outside of the perimeter, DOES 1 through 6, inclusive, pushed the two individuals down to the ground.

24. When DOES 1 through 6, inclusive, pushed the two individuals, the two individuals went flying into Plaintiffs and knocked them down to the ground.

25. DOES 1 through 6, inclusive, then began arresting the female who crossed the tape.

26. As COURTNEY COSTELLO was getting to her feet, she saw a black object on the ground and picked it up. COURTNEY COSTELLO then realized that the object was a body camera.

27. COURTNEY COSTELLO then placed the body camera back on to the ground. As she was placing the body camera back on to the ground she heard one of the DOE defendants yell, "Put that down." The defendant was quickly advancing towards her and tackled her to the ground.

28. DOES 1 through 6, inclusive, then further brutalized COURTNEY COSTELLO on the ground causing a large laceration to her knee.

COMPLAINT FOR DAMAGES

29.     DOES 1 through 6, inclusive, then handcuffed COURTNEY COSTELLO and booked her in jail.

30.     DOES 1 through 6, inclusive, also put TOREY COSTELLO onto the ground and dug their knees into her back, causing her pain.

31.     DOES 1 through 6, inclusive, then handcuffed TOREY COSTELLO and booked her at the jail.

32.     DOES 1 through 6, inclusive, deprived COURTNEY COSTELLO of any medical treatment despite the fact that her knee was obviously seriously injured.

33.     The Los Angeles County District Attorney's Office declined to prosecute Plaintiffs.

34.     As a result of the brutal and unreasonable force used upon COSTELLO, Plaintiff COSTELLO suffered serious injuries to her shoulder.

35.     The actions of Defendants DOES 1 through 6, inclusive, as complained above herein, constituted a violation of Plaintiffs' rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon their person.

36.      As a direct and proximate result of the actions of Defendants DOES 1 through 6, inclusive, Plaintiffs were: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses, 3) incurred lost wages and profits, and 4) suffered terrible physical

COMPLAINT FOR DAMAGES

8

injury, pain and suffering, as well as mental and emotional pain and suffering, and 5) suffered / is suffering lost wages and profits; all in an amount to be proven at trial; in excess of $2,000,000.00.

37.    The actions of said defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of Plaintiffs' constitutional rights, sufficient for an award of punitive / exemplary damages against said defendants, save CITY, in an amount to be proven at trial, in excess of $1,000,000.00.

## SECOND CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth Amendment Rights –
### Unlawful / Unreasonable Seizure of Person
### (By Courtney Costello and Torey Costello, Against DOES 1 through 6, inclusive)

38.    Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 37, inclusive, above, as if set forth in full herein.

39.    As complained of herein above, none of the defendants to this action had a warrant for Plaintiffs' arrest, nor probable cause to believe that Plaintiffs had committed a crime, nor reasonable suspicion that Plaintiffs were a danger to anyone or anything, nor even a reasonable suspicion of criminality afoot by Plaintiffs.

40.    Accordingly, the seizure and arrest of Plaintiffs by Defendants DOES 1 through 6, inclusive, by the use of unreasonable force, constituted an unlawful

and unreasonable seizure of Plaintiffs, in violation of their right to be free from unreasonable force under the Fourth Amendment to the United States Constitution.

41.    As a direct and proximate result of the actions of Defendants DOES 1 through 6, inclusive, as complained of herein, Plaintiffs: 1) were substantially physically, mentally and emotionally injured; 2) suffered great mental and emotional pain, suffering and distress, 4) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages and expenses in an amount to be proven at trial which is in excess of $3,000,000.00.

42.    The actions of said Defendants, and each of them, as complained of herein, were committed maliciously, oppressively and in reckless disregard of Plaintiffs' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, save for Defendant CITY, in an amount to be proven at trial which is in excess of $2,000,000.00.

## THIRD CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
**Violation of First Amendment Rights - Freedom of Speech**
**(By Courtney Costello and Torey Costello, Against DOES 1 through 6, inclusive)**

43.    Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 42, inclusive, above, as if set forth in full herein.

44.    Moreover, the conduct of Defendants DOES 1 through 6, inclusive, violated Plaintiffs' right to freedom of speech and right to assembly, specifically

when DOES 1 through 6, inclusive retaliated against Plaintiffs' for participating in a protest against a fatal officer involved shooting.

45.     A substantial or motivating factor in the decisions of the various defendants to take the adverse actions against plaintiffs as complained of in this action, was Plaintiffs' exercise of their right to freedom of speech under the First Amendment to the United States Constitution.

46.     Moreover, said defendants would not have taken said adverse actions against Plaintiffs, had Plaintiffs not exercised their right to freedom of speech under the First Amendment to the United States Constitution.

47.     The conduct of DOES 1 through 6, inclusive, would chill a person of ordinary firmness from continuing to engage in constitutionally protected activity.

48.     As a direct and proximate result of said adverse actions taken against said plaintiffs by said defendants as described above, plaintiffs suffered serious bodily injury, severe mental and emotional distress, medical and psychological costs and expenses, lost wages / profits, attorney's fees and other special damages; all in an amount to be proven at trial, in excess of $2,000,000.00.

49.     The actions of defendants and each of them, as complained of herein, were done maliciously and in reckless disregard of plaintiffs' constitutional rights sufficient for an award of punitive / exemplary damages against said defendants, save defendant CITY, in an amount to be proven at trial, in excess of $1,000,000.00.

COMPLAINT FOR DAMAGES

## FOURTH CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
### FEDERAL CLAIM FOR FAILURE TO PROPERTY TRAIN AND FOR FAILURE TO PROPERLY HIRE / FIRE / DISCIPLINE
### (Against Defendant CITY)

50.    Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 49, inclusive, above, as if set forth in full herein.

51.    As complained of herein above, the acts of Defendants DOES 1 through 6, deprived plaintiffs of their rights under the laws of the United States and The United States Constitution.

52.    The training policies of CITY were not adequate to train its peace officer employees to properly and lawfully handle situations similar to the one they were presented with when they confronted plaintiffs, including training on: 1) when they are permitted to use force against persons and the reasonable amount of force; 2) when they are may lawfully arrest persons; and 3) that they may not retaliate against persons who are exercising free speech and assembly.

53.    CITY was deliberately indifferent to the obvious consequences of its failure to train its police officer employees adequately.

54.    The failure of CITY to provide adequate training caused the deprivation of plaintiffs' rights by Defendants DOES 1 through 6, inclusive.

55.    CITY's failure to train is closely related to the deprivation of plaintiffs' rights as to be the moving force that ultimately caused plaintiffs' injuries.

COMPLAINT FOR DAMAGES

56.    As a direct and proximate result of the actions CITY, complained of herein, Plaintiffs: 1) were substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses; 3) and incurred other special and general damages, including attorney's fees, investigator fees and associated litigation costs and expenses; all in an amount to be proven at trial in excess of $2,000,000.00.

**FIFTH CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Claim Against Local Governing Body Defendants Based On**
**Official Policy, Practice, Or Custom**
**(Against Defendant CITY)**

57.    Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 56 inclusive, above, as if set forth in full herein.

58.    As shown above, the actions of Defendants DOES 1 through 6, inclusive, deprived the plaintiffs of their particular rights under the United States Constitution, as described above.

59.    At all times complained of herein, Defendants DOES 1 through 6, inclusive, were acting pursuant to the policies, customs, usages and practices of the Los Angeles Police Department / defendant CITY:  1) for using excessive force upon persons; 2) for retaliating against person who peacefully protest and assembly; 3) for unlawfully arresting persons; and 4)  for covering-up unlawful and tortious conduct by Los Angeles Police Department personnel and were a

COMPLAINT FOR DAMAGES
13

proximate cause of the very same federal constitutional violations complained of by the plaintiff in this action.

60.    Said actions of said defendants were done by them under the color of state law.

61.    As a proximate result of said defendants acting pursuant to said policies, customs, usages and practices of defendants CITY, above-described, said defendants committed said actions complained of above.

62.    As a direct and proximate result of the actions of defendants CITY, as complained of herein, plaintiffs: 1) were substantially physically, mentally and emotionally injured, and great physical, mental and emotional pain, suffering and distress; 2) incurred medical and psychological costs, bills and expenses, 3) incurred expenses to repair damaged property; 4) incurred lost profits and wages, and 5) incurred other special and general damages and expenses in an amount to be proven at trial, which is in excess of $2,000,000.00.

**WHEREFORE**, plaintiffs pray for judgment as follows:

a) For a judgment against all defendants for compensatory damages in an amount in excess of $2,000,000.00;

b) For a judgment against all defendants, save defendant CITY, for punitive damages in an amount in excess of $1,000,000.00;

c) For an award of reasonable attorney's fees and costs;

d) For a trial by jury; and

COMPLAINT FOR DAMAGES

14

e)  For such other and further relief as this honorable court deems just and equitable.

/S/ Gregory Peacock_____
GREGORY PEACOCK

COMPLAINT FOR DAMAGES

15